**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone:   602/258-7701
Telecopier:   602/257-9582

John M. Fry – 020455
jfry@rcalaw.com

*Attorneys for Bank of America, N.A.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela C. Sullivan, | No. 4:13-cv-01166-BGM |
| Plaintiff, | |
| v. | **ANSWER** |
| Bank of America, National Association, | |
| Defendant. | |

In response to plaintiff's Complaint, defendant Bank of America, N.A admits, denies, and alleges as follows:

### 1. The Parties, the Claim, and Jurisdiction and Venue

1.      Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint and therefore denies those allegations.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits it employed Plaintiff, but denies that she was terminated because of her age. All remaining allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

5.      Defendant admits Plaintiff brings her claim under 29 U.S.C. § 623(a)1.  All remaining allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

6.     Defendant admits that jurisdiction is proper in this Court.   All remaining allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

## 2. Additional Fact Allegations in Support of ADEA Claim

7.     Defendant admits Plaintiff was hired on October 19, 1992; that she was promoted to the position of Senior Vice President & Consumer Market Executive for the Southwest Arizona Community Banking Division; that this position was the highest level position in the Tucson market; and that she was responsible for the success of more than 25+ banking centers assigned to her market. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 7 of Plaintiff's Complaint and therefore denies them.

8.     Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies them.

10.     Defendant admits Plaintiff received a does not meet rating. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies them.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without sufficient information to admit or deny Plaintiff's allegation that she offered to work as a teller and therefore denies the allegation. Defendant

denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits Plaintiff was terminated on November 30, 2010. All remaining allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18.     Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies them.

20.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies them.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without sufficient information to admit or deny the allegation that Plaintiff's stock options would have vested had she remained employed through January 2011 and therefore denies the allegation. Defendant denies the remaining allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

### 3. Exhaustion of Administrative Remedies

25.     Defendant admits that Plaintiff filed a charge of discrimination within 300 days from her termination on November 30, 2010 and that her charge states that she suffered from age discrimination in employment when Defendant terminated her on November 30, 2010. All remaining allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26.     Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits the allegations contained in paragraph 27 of Plaintiff's

Complaint.

28.     Defendant denies each and every averment of Plaintiff's Complaint not expressly admitted herein.

## 4. Demand for Trial by Jury

29.     Plaintiff's Complaint contains a demand for jury trial to which no response is required.

## 5. Relief Requested

Defendant admits that Plaintiff seeks recovery of damages as alleged in the unnumbered paragraph of Plaintiff's Complaint under the heading "Relief Requested," but denies that Plaintiff is entitled to any of the relief or damages alleged in the paragraph and its subparts.

## AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted:

1.     The Complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred to the extent that she failed to exhaust all available administrative remedies.

3.     Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot state a claim for punitive damages.

4.     All actions taken by Defendant with respect to Plaintiff, if any, were justified, privileged, reasonable, made in furtherance of a common interest, taken in good faith, without any improper motive, purpose or means and/or without any hatred, ill will, malice, intent to injure, or reckless disregard to the rights of Plaintiff.

5.     Defendant had policies and procedures in effect, and exercised reasonable care, to prevent and promptly correct the alleged unlawful conduct, and Plaintiff unreasonably failed to avail herself of those policies and procedures.

6.     Defendant did not engage in any conduct warranting recovery by Plaintiff of compensatory, liquidated, or punitive damages, attorney's fees, costs or any other form of relief whatsoever.

7.     To the extent Plaintiff failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

8.     Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

9.     In the unlikely event that back pay damages are awarded to Plaintiff, Plaintiff's interim earnings and benefits, and any earnings and benefits she could have earned with reasonable diligence, shall operate as an offset to reduce the damages award.

10.     Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, unclean hands, waiver, and all other applicable defenses listed in Fed. R. Civ. P. 8(c).

11.     Defendant denies any discrimination occurred; to the extent that any alleged discrimination against Plaintiff did occur, any agents or employees of Defendant were not acting within the course and scope of their employment when any of the purported discrimination took place.  Defendant is not liable for alleged intentional acts committed outside the course and scope of employment.

12.     Defendant reserves the right to argue that Plaintiff's claims are pre-empted and thus barred by the National Bank Act, 12 U.S.C. §§ 21, *et seq*.

13.     Defendant hereby gives notice that it reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that Defendant be awarded its full attorneys' fees incurred in defending this matter, that it be awarded all costs incurred, including any expert fees, and that it be awarded such other and further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 21st day of October, 2013.

RYLEY CARLOCK & APPLEWHITE

/s/ John M. Fry
John M. Fry
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
*Attorneys for Defendant*

MCGUIREWOODS LLP
Teri L. Danish
Texas Bar No. 05375320
*Pro Hac Vice Admission pending*
Brian Patterson
Texas Bar No. 24042974
*Pro Hac Vice Admission pending*
600 Travis St., Suite 7500
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013 I electronically transmitted the foregoing ANSWER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jerry S. Smith
Jerry S. Smith, PLLC
145 S. Sixth Avenue
Tucson, AZ 85701-2007
*Attorneys for Plaintiff*

By: s/ Tina Kaminski