Jerry S. Smith (SBA #19599)
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, Arizona 85701-2007
Phone:  (520) 326-0134
E-mail: jsmith@jsslawpllc.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **PAMELA C. SULLIVAN**, | **Case # 4:13-CV-01166-JGZ (BGM)** |
| Plaintiff, | |
| v. | **PLAINTIFF'S PRE-CONFERENCE MEMORANDUM** |
| **BANK OF AMERICA, NATIONAL ASSOCIATION**, | (Discovery dispute telephonic conference before Hon. Bruce G. Macdonald) |
| Defendant. | |

        Plaintiff Pamela C. Sullivan, by Jerry S. Smith, PLLC, her undersigned attorney of record, submits this Pre-Conference Memorandum regarding the parties' present discovery dispute.  The Plaintiff is seeking answers to certain interrogatories and responses to certain requests for production, and the Defendant will not provide them.  The parties have been unable to resolve this discovery dispute after multiple communications among their counsel.

The discovery sought by the Plaintiff herein is set forth in three prior discovery requests served upon the Defendant, and listed herein in three separate sections, infra:

**Plaintiff's Second Set of Interrogatories (#16 through 23) (April 3, 2015)**

**Plaintiff's Second Request for Production (April 3, 2015)**

**Plaintiff's Third Request for Production (April 30, 2015)**

For convenience and clarity, the discovery sought is set forth in black font, and the Plaintiff's positions are set forth in red font.

The Court, Hon. Bruce G. Macdonald, has set an informal telephonic conference for this discovery dispute for Wednesday, June 24, 2015, at 11:30am.  Dkt. #61.

## The Nature of this Action

As stated in the Complaint, Plaintiff Pamela C. Sullivan ("PCS") was employed by Defendant Bank of America ("BOA") for eighteen years, until she was fired eight days after her 40th birthday. Dkt. #1, Complaint, paragraphs 1, 4, and Exhibit #1. PCS was twenty-one years old when she was first hired as a teller on October 19, 1992, and had earned her tenth promotion in 2007 when she was promoted to BOA Senior Vice President & Consumer Marketing Executive ("CME") for the BOA Southwest Arizona, the highest level position in the Tucson market.  She was responsible for the success of more than 25+ banking centers assigned to her market. Id. at paragraph 7. Her Complaint is a single claim for violation of the Age Discrimination in Employment Act, 29 U.S.C. 623(a)1. Dkt. #1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **Applicable General Rules**

In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978), the Supreme Court said:

"The general scope of discovery is defined by Fed.Rule Civ.Proc. 26(b)(1) as follows:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).[FN12] Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id.*, at 500–501, 67 S.Ct. at 388. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

FN12. "[T]he court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26–131 n. 34 (2d ed. 1976)."

In *Zahorik v. Cornell University*, 98 F.R.D. 27, 31 (N.D.N.Y., 1983), the Court said:

> "Suffice it to say, that evidence of general patterns of discriminatory treatment by an employer is relevant even in the individual disparate treatment case. *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir.1980); *see also McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. at 1825. Although such evidence will not be determinative of the discrimination issue, *id.* at 805 n. 19, 93 S.Ct. at 1826 n. 19, it is nevertheless relevant and therefore discoverable pursuant to Fed.R.Civ.P. 26(b)(1)."

A party resisting or objecting to discovery has the burden of proving that the discovery sought is unduly burdensome or expensive under Federal Rules of Civil Procedure, Rule 26(b)(2)(C). *Blankenship v. Hearst Corporation,* 519 F. 2d 418, 429 (9th Cir., 1975). *Jackson v. Montgomery Ward,* 173 F.R.D. 524, 528-529 (D. Nev., 1997). *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 688 (D. Kan., 2007). *Paul Johnson Drywall, Inc. v. Phoenix Insurance Co.*, 2014 WL 1764125 (D. Ariz., 2014).

## Plaintiff's Second Set of Interrogatories (#16 through 23) (April 3, 2015)

16.   List the following information for each and every charge or complaint alleging age discrimination or retaliation in connection with age discrimination filed against the BOA with either the United States Equal Employment Opportunity Commission or the Arizona Civil Rights Division or the New Mexico state agency which receives and investigates charges of unlawful employment discrimination which were filed or received during the years of 2008 through 2013.  With respect to each charge or complaint provide (a) the name and last known address and contact information of the

complaining party, (b) the agency with which the charge was filed and its case number, (c) the date of the charge filing, (d) the final disposition of such charge, and (e) whether or not such person is presently employed by BOA.

The BOA refused to answer this Interrogatory.

Such claims or charges by other BOA employees may be relevant and always discoverable. *Sprint/United Management Co. v. Mendelsohn,* 128 S. Ct. 1140 (2008). *Obrey v. Johnson,* 400 F. 3d 691 (9th Cir., 2005). *Heyne v. Caruso*, 69 F. 3d 1475 (9th Cir., 1993). *Spulak v. K Mart Corp.*, 894 F. 2d 1150, 1156 (10th Cir., 1990). *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 688-692 (D. Kan., 2007). *Jackson v. Montgomery Ward*, 173 F.R.D. 524 (D. Nev., 1977).

This right to discover evidence pertaining to other employees' similar claims does not depend upon the (later) determination of whether or not it may be admissible as relevant.  That determination involves a later decision by the Court as to its relevancy to a particular case by applying Federal Evidence Rules 401 and 403.  *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379 (2008).


17.  In response to PCS' Interrogatory #3, BOA listed six CMEs who were employed by the BOA as a CME under Dwain Moss on September 30, 2010: Priscilla Gutierrez, Eric Gonzales, John Calo, Denise Farmer, Pamela Sullivan, and Dean Bird.  With respect to each of these six, excluding PCS: (a) Are they currently employed by BOA? If yes, what is their current position and at what location?  If not currently employed by BOA, when did their employment by the BOA end, did the employee resign or retire voluntarily or

was the employee terminated by the BOA, and when did such employment by the BOA end?  (b) What is their current address or last known address and contact information?

The BOA did answer this interrogatory **except** that it failed to provide contact information (addresses, etc.) which would enable the undersigned to contact these potential witnesses who were similarly situated to PCS and may have also been victims of age discrimination by the BOA.  See the Plaintiff's argument regarding Interrogatory #16 supra.


20.  Please answer PCS' Interrogatory #9 with respect to all BOA CMEs ("CME" was PCS' job title when she was fired) in the area, division, or region overseen by Walter Elcock (who was PCS' regional supervisor) as of the date of the end of his employment by BOA, stating the month and year of birth of each CME, whether they are still employed by BOA, and if not, the date their employment terminated and whether or not they voluntarily resigned or retired.

The BOA refused to answer this Interrogatory.
See PCS' comments re Interrogatories #16 & 17, supra.

22.  If PCS had continued to be employed as a BOA CME through the end of the year 2011, what BOA stock options would she have received or had a vested right to, when would she have received such stock options, and what was the value of such stock options on the date they would have been given or vested in 2011?

The BOA response to this interrogatory stated that it would supplement and provide this information but it has not done so.

23.   With respect to BOA employees or former employees Michelle Lulloff (employee #10486643) and Kristen De La Riviere (employee # 27974291): (a) What is the month and year of birth of such employee?  (b) Is such person still employed by the BOA?  If not still employed by the BOA, when did their employment cease and why?  (c) Please provide their current or last known addresses and contact information.

The BOA only partially provided the information requested answer is incomplete.  It failed to provide the months and years of birth of these two persons (comparators in this age discrimination case), why and how their employment by the BOA ceased, and their current contact so that the undersigned Plaintiff's counsel could contact them as potential witnesses.

The BOA refused to provide this information arguing that it would invade the privacy rights of such former BOA employees. This is not a justification for this refusal of discovery.  Except for medical records or health or disability information and social security numbers (which may be redacted), personnel files of other employees who may be witnesses or "comparators" are discoverable and are not privileged or irrelevant.  *In re Roman Catholic Archbishop of Portland,* 661 F. 3d 417 (9th Cir. 2011*). Garrett v. City and County of San Francisco,* 818 F. 2d 1515, 1519, footnote #6 (9th Cir. 1987).  *Guerra v. Board of Trustees*, 567 F. 2d 352 (9th Cir. 1977*). Ivy v. Outback Steakhouse, Inc.*, 2006 WL 3813555 (W.D. Wash. 2006).  *Hill v. Motel 6,* 205 F.R.D. 490, 495-496 (S.D. Ohio, 2001*).   Ragge v. MCA/Universal Studios,* 165 F.R.D. 601 (C.D. Cal. 1995).  *EEOC v. County*

*of San Benito*, 818 F. Supp. 289 (N.D. Cal. 1993*).  Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 698 (D. Kan., 2007).

## **Plaintiff's Second Request for Production (April 3, 2015)**

Renewal of Request  No. 1: Copies of all charges of age discrimination in employment or retaliation for having complained of or opposed age discrimination in employment or retaliation in connection with age discrimination filed by any person employed or formerly employed or who sought employment against BOA by persons within the BOA Southwest Region, including but not limited to Arizona, New Mexico, and Texas, filed or presented to either the U.S. Equal Employment Opportunity Commission or the Arizona Attorney General Civil Rights Division or the comparable employment discrimination enforcement agencies for the states of New Mexico or Texas or other states within the BOA Southwest Region since January 1, 2008, and any and all responses to such charges made or given by or on behalf of BOA.

The BOA refused to provide responsive documents.

Such claims or charges by other BOA employees may be relevant and always discoverable. *Sprint/United Management Co. v. Mendelsohn,* 128 S. Ct. 1140 (2008).  *Obrey v. Johnson,* 400 F. 3d 691 (9th Cir., 2005). *Heyne v. Caruso*, 69 F. 3d 1475 (9th Cir., 1993). *Spulak v. K Mart Corp*., 894 F. 2d 1150, 1156 (10th Cir., 1990). *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 688-692 (D. Kan., 2007). *Jackson v. Montgomery Ward*, 173 F.R.D. 524 (D. Nev., 1977).

8

This right to discover evidence pertaining to other employees' similar claims does not depend upon the (later) determination of whether or not it may be admissible as relevant.  That determination involves a later decision by the Court as to its relevancy to a particular case by applying Federal Evidence Rules 401 and 403.  *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379 (2008).

Renewal of Request No. 5:  Any job description or statement of job duties for BOA consumer marketing executives (CMEs) (the last job held by PCS for BOA) during the years of 2008, 2009, 2010, or 2011, with a notation as to when such job description was written and implemented.

The BOA response to this RFP stated that it would supplement and provide this documentation but it has not done so.

Renewal of Request No. 6: All written or published performance standards for CMEs that BOA had in effect at any time between January 1, 2010 and November 30, 2010, and any procedures regarding how such performance standards would be enforced.

The BOA response to this RFP stated that it would supplement and provide this documentation but it has not done so.

Renewal of Request No. 7: All performance standards communicated by BOA, either in writing or electronically, to PCS during the time she was a CME for BOA, including communications to her concerning whether she was meeting those standards.

The BOA alleges that it fired PCS because she had failed to meet certain performance standards for her position, but it has refused to provide this requested documentation.

Renewal of Request No. 8: All correspondence, either written or electronic, by Dwain Moss, Walter Elcock, Mary Kanaga, Michael Rogers, and/or Brad Kimball (all current or former employees of the BOA who knew PCS) mentioning or concerning PCS during the years of 2009 and 2010.

The BOA stated in its Response that it would supplement and provide this documentation but has not done so. The persons listed were all BOA executives or persons who may have had input on the decision to terminate PCS.

## Plaintiff's Third Request for Production (April 30, 2015)

Request No. 13: Copies of all EEO-1 Reports filed or created by the BOA which pertained in whole or in part to its operations and/or branches in the States of Arizona and/or New Mexico during or for the years of 2008 through and including 2012.  EEO-1 reports are defined as those required to be made, created, or produced by employers pursuant to 29 C.F.R. 1602.7.

The BOA refused to provide responsive documents.

Paragraph 24 of the Complaint alleges:

"24. The BOA has engaged in a pattern and practice of discrimination against older (forty and older) executive and management line employees in recent years, and its firing of PCS was done as part of that pattern and practice."

All large employers in the U.S. (such as the BOA) are required by law (29 C.F.R. 1602.7 et seq.) to file an EEO-1 report each year with the EEOC to enable that agency to carry out its statutory duties to monitor U.S. workplaces for evidence of unlawful employment discrimination.

Such reports are both discoverable and relevant when an employer is sued for a violation of a federal employment discrimination statute (age discrimination in the instant case). *Grant v. News Group Boston, Inc.,* 55 F. 3d 1, 6 (1st Cir., 1995). *Thayer v. Sivyer Steel Corp.*, 149 F.R.D. 177 (S.D., Iowa, 1993). *Martin v. Potomac Electric Power Co.*, 1990 WL 158787 (D.D.C., 1990). *Witten v. A. H. Smith & Co.*, 100 F.R.D. 446 (D. Md., 1984).

Respectfully submitted this 23rd day of June, 2015.

JERRY S. SMITH, PLLC


/s/Jerry S. Smith

Jerry S. Smith
Attorney for Plaintiff


This Memorandum shall be filed on the date above pursuant to the U.S. District Court for Arizona Electronic Case Filing Administrative Policies and Procedures Manual,

By:   /s/ Jerry S. Smith
      Jerry S. Smith