TERI L. DANISH (SBA #031452)
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
Phone: 832.214.9911
Email: tdanish@mcguirewoods.com
*Attorney for Bank of America, N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAMELA C. SULLIVAN, | C.A. NO. 4:13-cv-01166-BGM |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S PRE-CONFERENCE MEMORANDUM** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | |
| Defendant. | |

Defendant Bank of America, N. A. ("Defendant"), by and through counsel, submits this Pre-Conference Memorandum regarding the parties' present discovery dispute. As Defendant has previously explained to Plaintiff's counsel, the Bank has properly produced all relevant, non-privileged, and non-confidential documents within its possession and control. To the extent it has agreed to supplement a response, but has not done so yet, Defendant's diligent search for responsive information is still ongoing. In an effort to help maintain clarity of the issues and the parties' stances, Defendant has employed the same format to Plaintiff's Pre-Conference Memorandum, restating the discovery request or interrogatory at issue and stating its position below each request. Further, Defendant is providing with this Memorandum a copy of its Answers and Objections to Plaintiff's Second Set of Interrogatories and Requests for Productions and Third Set of Requests for Productions and hereby incorporates and maintains all of its objections. (A copy of Defendant's Answers and Objections to Plaintiff's Second Set of

Interrogatories and Requests for Productions and Third Set of Requests for Productions is attached hereto as **Exhibit A**).

### Nature of the Action

Defendant hired Plaintiff in 1992. Throughout her tenure with Defendant, Plaintiff received numerous promotions and raises irrespective of her age. At the time of her termination, Plaintiff was employed as a Senior Vice President & Consumer Market Executive ("CME"). In 2009, her performance began to decline and Defendant had communications with Plaintiff several time throughout 2009 and 2010 regarding her poor performance. Based on Plaintiff's continuing poor performance as a CME, Defendant had her step down from the position and paid her for a 60-day period where she could search for jobs both internally and externally, but if she did not find a replacement in that time, she would be terminated. When she did not find another position at the end of the sixty-days, she was terminated. Plaintiff now brings a claim for a violation of the Age Discrimination in Employment Act, incredulously alleging that her termination was based on age. (Dkt. #1).

### Discovery Standards

It is well-establsihed that "[a]lthough Rule 26(b)(1) allows for broad discovery, a litigant's right to that discovery is not unlimited." *Richbourg v. Jimerson*, Case No. CV-12-0136-TUC-BGM, 2012 WL 4355906, at *2 (D. Az. Sept. 24, 2012); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). Moreover, the Court has inherent power to limit discovery as needed and to avoid a party from using discovery as a "fishing expedition." *Richbourg*, 2012 WL 4355906, at *2. The Supreme Court has explained that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 578, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Requiring a party to produce information that is not relevant to the claims and defenses at issue "is an inherently undue burden." *Ginena v. Alaska Airlines, Inc.*, Case No. 2:04-cv-01304-RCJ-CWH, 2011 WL 4749104, at *2 (D. Nevada Oct. 6, 2011).

**Response to Plaintiff's Motion to Compel**

**Interrogatory No. 16: List the following information for each and every charge or complaint alleging age discrimination or retaliation in connection with age discrimination filed against the BOA with either the United States Equal Employment Opportunity Commission or the Arizona Civil Rights Division or the New Mexico state agency which receives and investigates charges of unlawful employment discrimination which were filed or received during the years of 2008 through 2013. With respect to each charge or complaint provide (a) the name and last known address and contact information of the complaining party, (b) the agency with which the charge was filed and its case number, (c) the date of the charge filing, (d) the final disposition of such charge, and (e) whether or not such person is presently employed by BOA.**

**RESPONSE: This information is simply not relevant to the claims and defenses at issue in this litigation. First, Defendant does not even have the authority to provide this information. As articulated in 42 U.S.C. §§ 2000e-5(b) and 2000e-8(e), the statute prohibits even the EEOC from distributing information on administrative charges to a party not in litigation. None of these people are parties to litigation and the EEOC would not produce this information to Plaintiff if she requested it. Accordingly, Defendant clearly does not have the authority to produce such information that the EEOC itself would consider confidential.**

**Second, even if it did have such authority, Plaintiff clearly seeks irrelevant information when asking for "*every* charge or complaint alleging age discrimination," without even attempting to limit the interrogatory to age discrimination charges filed by others in Plaintiff's same position, same line of business with Defendant, same supervisor, or same location. *See Sallis v. Univ. of Minn.*, 408 F.3d 470, 477-78 (8th Cir. 2005); *Smith v. DeTar Hosp., LLC*, No. V-10-83, 2011 WL 6217497, at \*5 (S.D. Tex. Dec. 14, 2011); *Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 459-460 (D.D.C. 2002); *see also Moran v.*

3

1 *Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (holding that to be similarly situated employees must demonstrate, at a minimum, that they are similar in "all material respects").

**Interrogatory No. 17:** In response to PCS' Interrogatory #3, BOA listed six CMEs who were employed by the BOA as a CME under Dwain Moss on September 30, 2010: Priscilla Gutierrez, Eric Gonzales, John Calo, Denise Farmer, Pamela Sullivan, and Dean Bird. With respect to each of these six, excluding PCS: (a) Are they currently employed by BOA? If yes, what is their current position and at what location? If not currently employed by BOA, when did their employment by the BOA end, did the employee resign or retire voluntarily or was the employee terminated by the BOA, and when did such employment by the BOA end? (b) What is their current address or last known address and contact information?

**RESPONSE:** Initially, during the meet and confer meeting between the parties, Plaintiff's counsel failed to identify any issue with this interrogatory. Defendant was not aware until it received this Pre-Conference Memorandum that there was a concern with its response to the interrogatory. For this reason alone, Plaintiff's motion with respect to this interrogatory should be denied.

Moreover, Defendant has previously identified these individuals, as well as their dates of birth. The privacy interest that these non-party former employees have in their contact information prevents Defendant from providing such information. *See, e.g., Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. C12-1267-RSM, 2013 WL 1855754, at *2 (W.D. Wash. April 30, 2013) ("[E]mployees have a privacy interest in the personal information regarding them which is retained by their employers."); *Baptiste v. Lids*, No. C-12-5209 PJH, 2013 WL 5708848, at *5 (N.D. Cal. Oct. 8, 2013) (denying motion to compel employees' names, addresses, and telephone number based on privacy interests); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997) (explaining that in employment discrimination cases "a party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information

sought would outweigh the privacy interests of the affected individuals."). Finally, Mr. Bird, is a current employee of Defendant and should only be contacted through the undersigned counsel if need be.

**Interrogatory No. 20:** Please answer PCS' Interrogatory #9 with respect to all BOA CMEs in the area, division, or region overseen by Walter Elcock as of the date of the end of his employment by BOA, stating the month and year of birth of each CME, whether they are still employed by BOA, and if not, the date their employment terminated and whether or not they voluntarily resigned or retired.

**RESPONSE:** As Defendant's counsel previously explained to Plaintiff's counsel during their meet and confer, Mr. Elcock was not the direct supervisor of any other CMEs at the time he left his employment with Defendant. Defendant did agree to follow-up with its client and confirm if there were any other CMEs who did not directly report to Mr. Elcock, but may have been under his supervision. Defendant is currently still waiting to receive that information from the client and has followed-up again today and will supplement its response accordingly.

**Interrogatory No. 22:** If PCS had continued to be employed as a BOA CME through the end of the year 2011, what BOA stock options would she have received or had a vested right to, when would she have received such stock options, and what was the value of such stock options on the date they would have been given or vested in 2011?

**RESPONSE:** Defendant maintains that the requested information is speculative at best, and stands by its objections. Nonetheless, and subject to its objections to the requested information, Defendant has supplemented its response to Interrogatory No. 22. (A copy of Defendant's Supplemental Response to Plaintiff's Second Set of Interrogatories is attached hereto as Exhibit B).

**Interrogatory No. 23:** With respect to BOA employees or former employees Michelle Lulloff (employee #10486643) and Kristen De La Riviere (employee # 27974291): (a) What is the month and year of birth of such employee? (b) Is such person still employed

5

by the BOA? If not still employed by the BOA, when did their employment cease and why? (c) Please provide their current or last known addresses and contact information.

**RESPONSE: As an initial matter, Plaintiff's counsel failed to address any deficiencies with Defendant's response to Interrogatory No. 23 during the parties' meet and confer and is therefore not entitled to this information. Additionally, information regarding Ms. Lulloff and Ms. De La Riviere is not relevant to this matter because neither of them were employed in the same position as Plaintiff. Ms. Lulloff was a Consumer Market Manager and Ms. De La Riviere was a Banking Center Manager, both of which are subordinate positions to Plaintiff's role as a CME and not subject to the same job requirements. As these individuals were in entirely different positions, they are not similarly situated and the information on their age, employment status, and reason for termination is not relevant to the claims and defenses at issue in this litigation. *Vasquez v. Cnty. Of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("[I]ndividuals are similarly situated when they have *similar jobs* and display similar conduct."); *Hicks v. Kansas Masonic Home*, No. 97-1307-MLB, 1998 WL 173197, at *1-2 (D. Kan. Mar. 5, 1998) (denying plaintiff's motion to compel personnel files of individuals who were not similarly situated to plaintiff and "the mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file."). Defendant already provided their age to show that both women are over forty, so Plaintiff has no need for their month and year of birth, as it would provide him with no additional relevant information.**

**Defendant has supplemented its response to Interrogatory No. 23 to reflect that Ms. Lulloff is in fact a current employee and should be contacted through undersigned counsel if necessary. (*See* Exh. B). Additionally, the privacy interest Ms. De La Riviere, a non-party former employee, has in her contact information prevents Defendant from providing such information. *See, e.g., Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. C12-1267-RSM, 2013 WL 1855754, at *2 (W.D. Wash. April 30, 2013) ("[E]mployees have a privacy interest in the personal information regarding them which is retained by their employers."); *Baptiste***

6

*v. Lids*, No. C-12-5209 PJH, 2013 WL 5708848, at *5 (N.D. Cal. Oct. 8, 2013) (denying motion to compel employees' names, addresses, and telephone number based on privacy interests); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997) (explaining that in employment discrimination cases "a party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information sought would outweigh the privacy interests of the affected individuals.")

**Renewal of Request No. 1**: Copies of all charges of age discrimination in employment or retaliation for having complained of or opposed age discrimination in employment or retaliation in connection with age discrimination filed by any person employed or formerly employed or who sought employment against BOA by persons within the BOA Southwest Region, including but not limited to Arizona, New Mexico, and Texas, filed or presented to either the U.S. Equal Employment Opportunity Commission or the Arizona Attorney General Civil Rights Division or the comparable employment discrimination enforcement agencies for the states of New Mexico or Texas or other states within the BOA Southwest Region since January 1, 2008, and any and all responses to such charges made or given by or on behalf of BOA.

**RESPONSE:** This information is simply not relevant to the claims and defenses at issue in this litigation. As noted previously, Defendant does not even have the authority to provide this information. As articulated in 42 U.S.C. §§ 2000e-5(b) and 2000e-8(e), the statute prohibits even the EEOC from distributing information on administrative charges to a party not in litigation. None of these people are parties to litigation and if Plaintiff requested this information from the EEOC, the EEOC would not produce it. Accordingly, Defendant clearly does not have the authority to produce such information that the EEOC itself would consider confidential and not produce.

Second, even if it did have such authority, Defendant clearly seeks irrelevant information when asking for *"all* charges of age discrimination," without even attempting to limit the request to age discrimination charges filed by others in Plaintiff's same

**position, same line of business with Defendant, same supervisor, or same location.** *See Sallis v. Univ. of Minn.*, **408 F.3d 470, 477-78 (8th Cir. 2005);** *Smith v. DeTar Hosp., LLC*, **No. V-10-83, 2011 WL 6217497, at \*5 (S.D. Tex. Dec. 14, 2011);** *Mitchell v. Nat'l R.R. Passenger Corp.*, **208 F.R.D. 455, 459-460 (D.D.C. 2002);** *see also Moran v. Selig*, **447 F.3d 748, 755 (9th Cir. 2006) (holding that to be similarly situated employees must demonstrate, at a minimum, that they are similar in "all material respects").**

**Renewal of Request No. 5**: Any job description or statement of job duties for BOA consumer marketing executives (CMEs) (the last job held by PCS for BOA) during the years of 2008, 2009, 2010, or 2011, with a notation as to when such job description was written and implemented.

**RESPONSE: Defendant stands by its objections. Nonetheless, and subject to its objections to the requested information, Defendant has supplemented its response to identify documents that contain CME job descriptions that Defendant posted between 2008 and 2011. (A copy of Defendant's Supplemental Responses to Plaintiff's Second Set of Requests for Production is attached hereto as Exhibit C).**

**Renewal of Request No. 6**: All written or published performance standards for CMEs that BOA had in effect at any time between January 1, 2010 and November 30, 2010, and any procedures regarding how such performance standards would be enforced.

**RESPONSE: Defendant stands by its objections. Nonetheless, and subject to its objections to the requested information, Defendant has confirmed that all information responsive to this request has been produced.**

**Renewal of Request No. 7**: All performance standards communicated by BOA, either in writing or electronically, to PCS during the time she was a CME for BOA, including communications to her concerning whether she was meeting those standards.

**RESPONSE: Defendant stands by its objections. Nonetheless, and subject to its objections to the requested information, Defendant has confirmed that all information responsive to this request has been produced.**

**Renewal of Request No. 8:** All correspondence, either written or electronic, by Dwain Moss, Walter Elcock, Mary Kanaga, Michael Rogers, and/or Brad Kimball (all current or former employees of the BOA who knew PCS) mentioning or concerning PCS during the years of 2009 and 2010.

**RESPONSE:** Defendant stands by its objections. Nonetheless, and subject to its objections to the requested information, the Bank was not required to journal the emails for any of the individuals identified in this request. As a result, all information responsive to this request has been produced.

**Request for Production No. 13:** Copies of all EEO-1 Reports filed or created by the BOA which pertained in whole or in part to its operations and/or branches in the States of Arizona and/or New Mexico during or for the years of 2008 through and including 2012. EEO-1 reports are defined as those required to be made, created, or produced by employers pursuant to 29 C.F.R. 1602.7.

**RESPONSE:** As Plaintiff herself has admitted, this is a single-claim alleging age discrimination. Accordingly, the relevancy of the EEO-1, which provides statistical information on a several other demographic factors, including, race and gender, both of which are completely irrelevant to a claim on gender discrimination. *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 458 (S.D. Iowa 1996).

Respectfully submitted,

MCGUIREWOODS LLP

By: ___/s/ *Teri L. Danish*___
    TERI L. DANISH

**ATTORNEY FOR DEFENDANT BANK OF AMERICA, N.A.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2015, the foregoing document was duly served in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure as follows:

***Via Regular and Electronic Mail***
Jerry S. Smith
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, AZ 85701-2007
***jsmith@jsslawpllc.com***

                                                */s/ Teri L. Danish*

                                                Teri L. Danish

68798789_1