TERI L. DANISH (SBA #031452)
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
Phone: 832.214.9911
Email: tdanish@mcguirewoods.com
*Attorney for Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAMELA C. SULLIVAN, Plaintiff, v. BANK OF AMERICA, NATIONAL ASSOCIATION, Defendant. | C.A. NO. 4:13-cv-01166-BGM **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** **ORAL ARGUMENT REQUESTED** |

Defendant Bank of America, N.A. ("the Bank" or "Defendant"), files its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all of Plaintiff Pamela Sullivan's ("Plaintiff") claims. This Motion is supported by the attached Memorandum of Points and Authorities and accompanying Statement of Facts ("SOF").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff brings a claim under the Age Discrimination in Employment Act ("the ADEA") on the novel theory that the Bank placed her on transitional leave *two months in advance* of her 40th birthday because the Bank discriminated against persons who were 40 years old. Plaintiff brings this claim despite the fact that: (1) her documented

performance problems occurred well before her 40th birthday, (2) the decisionmaker and all relevant Bank employees are over 40 and significantly older than Plaintiff, (3) Plaintiff's replacement is nine years older than Plaintiff, and (4) there is no evidence whatsoever of any discriminatory animus by the Bank. As shown below, Plaintiff cannot raise a genuine issue for trial, and the Bank is entitled to summary judgment as a matter of law.

## II. STATEMENT OF FACTS

### A. Plaintiff's Employment At Bank of America, N.A.

Plaintiff Pamela C. Sullivan ("Sullivan" or "Plaintiff") was born on November 22, 1970. (SOF ¶9). She began her employment with the Bank in October of 1992 as a teller in Tucson, Arizona. (SOF ¶1). During her tenure with the Bank, Plaintiff worked in the following positions: senior teller, personal banker, Business Control Manager (BCM) at various branches, consumer market manager, and then finally a consumer marketing executive ("CME"). (SOF ¶2). As of late 2008, Plaintiff's supervisor was Dwain Moss ("Moss") (DOB: 1946). (SOF ¶¶3-5). Mr. Moss reported to Walter Elcock ("Elcock") (DOB: 1947). (SOF ¶6). Both Mr. Moss and Mr. Elcock were over twenty (20) years older than Plaintiff. (SOF ¶¶5-7).

### B. Plaintiff's Failed To Satisfactorily Perform Her Job.

1. Plaintiff's Performance Issues Throughout 2008-2009 Were Well-Documented.

Sullivan received quarterly performance assessments. (SOF ¶12). Under the Bank's performance assessment system, a score of 0-3.99 indicated that the employee

was failing to meet performance expectations, 4-6.99 meant the employee was meeting expectations, and an employee who received a score of 7-10 was exceeding expectations. (SOF ¶12). In June 2008, Plaintiff received a composite score of 3.35, or failing to meet performance expectations. (SOF ¶¶12, 15). Two months later, Plaintiff received a composite score of 3.7 in September 2008, again showing she was failing to meet expectations. (SOF ¶¶12, 16).

Plaintiff admits that her performance assessment for January 1, 2009 through March 31, 2009 revealed she was not meeting expectations in the "Credit Booked" category, the "Relationship Deepening Variability" category, or the "Consumer and Small Business Core Sales Units to Goal" category. (SOF ¶¶17, 19-20). Plaintiff admits that the latter two categories are objective measures of her performance. (SOF ¶¶18, 20). In the two years prior to Plaintiff's termination, she never received a composite score reflecting that she was exceeding expectations. (SOF ¶13).

2. Plaintiff's Documented Performance Issues Continued In 2010.

Plaintiff acknowledged that her performance issues continued into 2010, explaining in regards to her 2010 leadership abilities that she "knew [she] needed to perform better in certain areas. . . ." (SOF ¶21). On or about June 14, 2010, Plaintiff met in person with Dwain Moss. (SOF ¶22). During this meeting, Mr. Moss talked to Plaintiff about his concerns with her performance, explaining that "he wanted more visibility of me [in the Green Valley market]," and wanted her "to turn around" her performance numbers related to consumer small business checking. (SOF ¶¶23-24). Mr.

Moss told Plaintiff her "market wasn't doing as well as he wanted it to in consumer and small business." (SOF ¶25).

During that June 14, 2010 meeting, Mr. Moss instructed Plaintiff to develop a personal action plan to improve her performance. (SOF ¶26). In Plaintiff's own words, this request by Mr. Moss meant "you're not doing well in this area, I need you to improve it and come up with a plan on how you're going to do it." (SOF ¶27). Plaintiff provided Mr. Moss with a copy of the requested personal action plan on June 29, 2010. (SOF ¶28). In July 2010, Mr. Moss *again* met with Plaintiff to discuss her continuing performance issues. (SOF ¶29). This time, Mike Rogers, Mr. Moss's Business Support Executive (DOB: 1963), also attended this meeting. (*Id.*). As of August 23, 2010, Plaintiff was still failing to meet the Bank's performance expectations. (SOF ¶30).

**C. The Bank Relieved Plaintiff Of Her CME Job Duties As Of October 1, 2010.**

On October 1, 2010, Mr. Moss and Mr. Rogers again met with Plaintiff. (SOF ¶31). Mr. Moss informed Plaintiff that the Bank was relieving her of her CME duties, and placed her on a 60-day transition period to find another job within the Bank or outside the Bank. (SOF ¶32). Plaintiff entered into a Transitional Assignment Agreement (the "Agreement"), which explained that "effective October 1, 2010, you will be relieved of the regular, day-to-day responsibilities and duties of your position as Consumer Market Executive." (SOF ¶¶34-35). The Agreement also explained that Plaintiff was required to obtain another position within the Bank for her employment to continue beyond the 60-day period. (SOF ¶¶32, 38). Plaintiff acknowledged that the Agreement was "an action to terminate [her] employment." (SOF ¶36). During this

October 1, 2010, meeting, neither Mr. Moss nor Mr. Rogers made any comments offensive comments to Plaintiff. (SOF ¶33). Plaintiff was 39 years old when relieved of her CME duties, and would not turn 40 until November 22, 2010. (SOF ¶¶10-11). The 60-day transition period expired eight days later on November 30, 2010. (SOF ¶¶11, 38).

Plaintiff applied for other jobs at the Bank during the 60-day transition period, but because of her poor performance ratings she was unable to find another job internally. (SOF ¶37). Additionally, Plaintiff was allegedly told by Mr. Rogers and Brad Kimball, the Human Resources Executive assigned to Plaintiff during her transition period, (DOB: 1958), that she was "overqualified" for a teller job to which Plaintiff considered applying. (SOF ¶¶39-40). Plaintiff believes this was an ageist comment. (*Id.*).

**D. Other CMEs And Plaintiff's Replacement**

In March 2011, Plaintiff was replaced by Susan Farmer. (SOF ¶41). Ms. Farmer was born in December 1961, making her nine years older than Plaintiff. (SOF ¶42). In addition to Plaintiff, Mr. Moss supervised five other CMEs, three of whom, Priscilla Gutierrez (DOB: 1957), Denise Farmer (DOB: 1958), and John Calo (DOB: 1968), were *older* than Plaintiff. (SOF ¶8). Plaintiff has no evidence of any employees who received more favorable treatment, younger or older. Plaintiff also has no evidence of any specific discriminatory statements or actions that related to her age.

## III. <u>ARGUMENT AND ANALYSIS</u>

**A. Applicable Legal Standard For Summary Judgment.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* FED. R. CIV. P. 56. Summary judgment is proper against a party who fails to establish the existence of an element essential to his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When considered in light of these standards here, it is clear that Plaintiff cannot establish any genuine issue of material fact. The Bank should therefore be granted summary judgment as a matter of law.

**B. The Bank Did Not Discriminate Against Plaintiff.**

Plaintiff can raise an issue for trial on a claim of age discrimination in one of two ways: she can present direct evidence that the Bank's decision to terminate her was because of age, or she may rely on the indirect burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). *Dominick v. Wal-Mart Stores, Inc.*, Civ. No. 13—8247—PCT—JAT, 2015 WL 1186229, at *4 (D. Ariz. Mar. 16, 2015). Plaintiff cannot set forth any evidence under either method to establish her claim, and the Bank is therefore entitled to summary judgment as a matter of law.

**1. Plaintiff Has No Direct Evidence Of Age Discrimination.**

Direct evidence consists "'of conduct or statements made by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude'" and proves discriminatory animus without inference. *Kinnally v. Rogers Corp.*, Civ. No. 06—2704—PHX—JAT, 2009 WL 597211, at *2 (D. Ariz.

Mar. 9, 2009); *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). There is simply no direct evidence of age discrimination upon which Plaintiff could base her claim.

Plaintiff has only identified one allegedly ageist remark: Mr. Kimball and Mr. Rogers said that she was "overqualified" for a position to which she considered applying. (SOF ¶¶33, 39-40). Even if every inference is made in Plaintiff's favor, this single innocuous comment cannot be construed as negatively referring to her age. The comment makes no express or implied reference to age. On the contrary, it reflects her superiors' belief that, despite her continuous poor performance, Plaintiff should not resign herself to a position well below her skill set and experience. *See Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1284 (9th Cir. 2000) (referring to someone as "promotable" was not direct evidence of age discrimination); *Nesbit v. Pepsico, Inc.*, 994 F.2d 73, 705 (9th Cir. 1993) (the comment "we don't necessarily like grey hairs" was not direct evidence of age discrimination). The comment also was not made until *after* Plaintiff was put on the transitional agreement, relieving her of her CME job duties. (SOF ¶¶31-32, 34-40). Thus, it was obviously not related to the adverse decision at issue.

Most importantly, the "overqualified" comment was not made by Mr. Moss, who is the decisionmaker[1] responsible for Plaintiff's termination. *Vasquez*, 349 F.3d at 640 (no direct evidence where the comment was not made by the decisionmaker); *Brown v.*

---

[1] (SOF ¶32).

*Litchfiled Elementary Sch. Dist. No.* 79, 2012 WL 642453, at *2 (D. Az. Feb. 29, 2012). Thus, any attempt by Plaintiff to allege direct evidence of age discrimination must fail.

**C. Plaintiff Cannot Establish A *Prima Facie* Case of Age Discrimination.**

Lacking direct evidence of discrimination, Plaintiff must therefore use the burden-shifting analysis under *McDonnell Douglas.* Plaintiff must first establish a *prima facie* case of age discrimination by showing she was: (1) at least 40 years old at the time of the allegedly discriminatory action; (2) performing her job satisfactorily; (3) terminated; and (4) replaced by a substantially younger employee with equal or worse qualifications, or that her termination occurred under circumstances that give rise to an inference of age discrimination. *Barnes v. Nat'l Counsel of Juvenile and Family Court Judges*, 548 Fed. Appx. 405, 406 (9th Cir. 2013); *Dominick*, 2015 WL 1186229, at *4. Plaintiff cannot produce any evidence to establish the first, second, or fourth elements of a *prima facie* case and her claim must therefore be dismissed.

1. <u>Plaintiff Was Under 40 When The Bank Implemented Her Termination.</u>

Critically, Plaintiff cannot establish that she was entitled to protection under the ADEA. Only those individuals who are age 40 and older *at the time* they SOFfer an adverse action are considered to be protected by the ADEA. *Barnes*, 5448 Fed. Appx. at 406; *Dominick*, 2015 WL 1186229 at *4. Plaintiff was only 39 years old on October 1, 2010, when the Bank relieved her of her CME duties and placed her on the Transitional Agreement. (SOF ¶¶9-10). Although the Plaintiff turned 40 during the 60-day transition period, the adverse action resulting in her termination occurred while she was outside the protected class. (SOF ¶¶ 10-11, 32, 34-38). This is especially true where, as here,

Plaintiff admits that the action at issue was "an action to terminate [her] employment." (SOF ¶¶34-36). The single fact that Plaintiff was under 40 at the time she SOFfered the adverse action destroys her *prima facie* case of discrimination. *Black v. Henderson*, 91 Fed. Appx. 567 (9th Cir. 2004) (employees who were not 40 at the time that their unit was decentralized (the underlying adverse action) were not in a protected class); *Garcia v. Safeway Food Stores, Inc.*, No. 07—1830—PHX—JAT, 2008 WL 4368927, at *4 (D. Ariz. Sept. 24, 2008) (granting summary judgment for the employer because plaintiff was under 40 years old at relevant times). Plaintiff's age discrimination claim should therefore be dismissed and summary judgment should be granted in the Bank's favor.

2. Plaintiff Failed To Satisfactorily Perform Her Job.

Nor can Plaintiff satisfy the second prong of her *prima facie* burden, because she failed to meet the Bank's performance expectations for the several years leading up to her termination. Failure to meet performance expectations can manifest in a variety of ways, including: failing to improve behavior or performance after a review or warning, ignoring policies, failure to fulfill job duties and receiving written warnings. *See, e.g., Barnes*, 548 Fed. Appx. at 406; *Swan v. Bank of Am.*, 360 Fed. Appx. 903, 905 (9th Cir. 2009); *Diaz v. Eagle Produce, Ltd. Ptshp.*, 521 F.3d 1201, 1208 (9th Cir. 2008); *Skinner v. Az. Public Serv. Co.*, No. CV06—2577—PHX—JAT, 2009 WL 825811, at *3-4 (D. Az. Mar. 30, 2009). Sporadically meeting expectations in a few isolated categories is not enough to establish that Plaintiff was meeting expectations. *Swan*, 360 Fed. Appx. at 905.

The record establishes that dating back to 2008, two years prior to Plaintiff's termination, Plaintiff failed to meet the Bank's performance expectations in two of her

four quarterly reviews. (SOF ¶¶12, 14-16). Plaintiff admits that her performance issues continued into 2009, where she failed to meet expectations in several additional categories, some of which were based on objective criteria. (SOF ¶¶17-20). Plaintiff's performance problems continued into 2010, (SOF ¶¶21-23), to the point where Mr. Moss required Plaintiff to develop a personal action plan for improvement. (SOF ¶¶21-30). Plaintiff concedes that she "knew [she] needed to perform better in certain areas . . . ." (SOF ¶21). Just over a month before she was relieved of her duties at the Bank, Plaintiff was still failing to meet expectations in several key areas. (SOF ¶30). Plaintiff's failure to improve her performance over the two years leading up to her termination—despite repeated low evaluations, verbal counseling from her supervisor, and a personal action plan to address her deficiencies—defeats her *prima facie* case. *Barnes,* 548 Fed. Appx. at 406 (plaintiff was not meeting performance expectations where she failed to adhere to her supervisor's instruction and improve her behavior after her performance evaluation); *Diaz*, 521 F.3d at 1208 (failing to improve after receipt of warning defeated second element of a *prima facie* case). Thus, Plaintiff cannot satisfy the second prong of her *prima* facie burden.

3. <u>The Bank Replaced Plaintiff With An Employee Nine Years Older Than Plaintiff And Did Not Treat Similarly Situated Individuals More Favorably.</u>

To establish the fourth prong of a *prima facie* case, a plaintiff can either provide evidence that: (1) she was replaced by a "substantially younger" employee; or (2) "other 'circumstances' that raise an inference of age discrimination." *Ferlise v. J.P. Morgan Chase Bank Nat'l Ass'n*, No. CV-11-01783-PHX-ROS, 2013 WL 5291143, at *3 (D.

Ariz. Sept. 3, 2013).[2] Here, Plaintiff was replaced by a significantly older employee, and she failed to identify *any* similarly-situated employee, much less a younger one, who was treated more favorably. It is undisputed that Plaintiff's replacement, Susan Farmer, was nine years *older* than Plaintiff. (SOF ¶41-42). This fact alone destroys Plaintiff's *prima facie* case. *Knowles v. U.S. Foodservice, Inc.*, No. CV—08—01283—PHX—ROS, 2010 WL 3614653, at *2 (D. Ariz. Sept. 10, 2010); *Tempesta v. Motorola, Inc.*, 92 F.Supp. 2d 973, 981, n.5 (D. Ariz. 1999); *see also Korkosz v. Clark Cty.*, 379 Fed. Appx. 593, 595 (9th Cir. 2010) (even though the replacements were younger than plaintiff, those age differences were insignificant and did not create an inference of discrimination).

Plaintiff also has absolutely no evidence of any other similarly-situated Bank employees, younger or older, who received more favorable treatment. The alleged comparators must be similarly situated "*in all material respects*." *Arviso v. L.J. Leasing, Inc.*, No. CV—09—01102—PHX—FJM, 2010 WL 4922708, at *4 (D. Ariz. Nov. 29, 2010) (emphasis added). Plaintiff has no evidence and cannot possibly identify *any* employee, much less a younger one, who had two years of on-going performance issues, received verbal warnings, had to submit a personal action plan, and remained employed after failing to improve. (SOF ¶¶12-30); *Arviso*, 2010 WL 4922708, at *4-5 (holding that where plaintiff failed to provide sufficient evidence that individuals were actually

---

[2] To qualify as substantially younger, courts have routinely held that the replacement must be at least six-years younger than the plaintiff. *Ferlise*, 2013 WL 5291143, at *3.

similarly situated her claim failed). As a result, Plaintiff cannot establish the fourth prong of her *prima facie* case, and her claim must be dismissed.[3]

**D. The Bank's Legitimate Non-Discriminatory Reason For Plaintiff's Termination Was Not Pretextual.**

Even assuming Plaintiff could somehow satisfy her *prima facie* burden, she cannot overcome the Bank's legitimate, non-discriminatory reason for her termination. Assuming a plaintiff establishes her *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981); *McDonnell Douglas,* 411 U.S. at 802. Here, because of Plaintiff's failure to meet performance expectations, the Bank relieved Plaintiff of her CME duties. (SOF ¶32). The Bank placed her on a 60-day transitional agreement which expired on November 30, 2013, when Plaintiff failed to obtain another position. (SOF ¶¶32-38). The Bank has therefore sustained its burden. *See Jilka v. Drivetime Auto. Grp., Inc.*, 234 Fed. Appx. 524, 524 (9th Cir. 2007) ("[Plaintiff's] employer met its burden to articulate a legitimate non-discriminatory reason for terminating her by presenting evidence of [plaintiff's] poor performance."); *Dominick*, 2015 WL 1186229, at *6 (failure to meet expectations is a legitimate non-discriminatory reason for termination).

---

[3] Any other evidence that Plaintiff may try to proffer to establish the fourth element of her *prima facie* case, i.e. evidence of surrounding circumstances warranting an inference of discrimination, is the same evidence that would be used to establish pretext and thus is analyzed, *infra*. *Ferlise*, at *4 (explaining that plaintiff's evidence to show circumstances around her termination warrant an inference of discrimination are the same as her evidence to establish pretext and thus will be analyzed in the pretext context).

Plaintiff can only prevail if she proves that the Bank's articulated reasons for its decision were pretextual. Courts will not second-guess an employer's decision, regardless of whether it is based on an employee's poor performance, an erroneous evaluation, conflicts between employees, unsound business practices, or even if the decision is a bad one. *Garcia*, 2014 WL 2215864, at *10; *Pottengeer v. Potlatch Corp.*, 329 F.3d 740, 748 (9th Cir. 2003). Rather, the Plaintiff must provide "specific, substantial evidence of pretext" to avoid summary judgment. *Swan*, 360 Fed. Appx. at 905. A plaintiff may demonstrate pretext "''either directly by persuading the court that a discriminatory reason likely motivated [an employer], or indirectly by showing that [an employer's] proffered explanation is unworthy of credence.''" *Swan*, 360 Fed. Appx. at 905. Under either method, Plaintiff must prove that age was the "but for" cause or "the reason" for her termination. *Garcia*, 2014 WL 2215864, at *9.

As an initial matter, Mr. Moss's age creates an inference of non-discrimination. An inference against age discrimination is created where the decisionmaker is over forty and near Plaintiff's age. *See, e.g., Cavanaugh v. Unisource Worldwide, Inc.*, No. Civ-F-06-0119—AWI—DLB, 2007 WL 915223, at *9 (E.D. Cal. Mar. 26, 2007) (inference of discrimination diminished where the decisionmaker over 40 and close in age to the plaintiff); *Elrod v. Sears Roebuck & Co.*, 939 F. 2d 1466, 1471 (11th Cir. 1991) (plaintiff's burden of proving pretext "difficult" where the decisionmakers all over forty). Here, Mr. Moss was sixty-four (64) years old in 2010, making him *twenty-four (24) years older* than Plaintiff and much farther within the protected class for ADEA claims. (SOF

¶¶5, 7, 9-11). Accordingly, it would defy logic that Mr. Moss would discriminate against Plaintiff based on her age.

The treatment of other CMEs further cuts against any attempt to establish pretext. First, as previously articulated, Plaintiff has failed to provide any evidence whatsoever of an individual, regardless of age, who she believes was similarly situated and treated more favorably than she was treated. In addition, it is undisputed that three of the five other CMEs that Mr. Moss supervised were not only over 40, they were *older than Plaintiff*. (SOF ¶8). These factors destroy any effort by Plaintiff to establish pretext. *Garcia*, 2014 WL 2215864, at *11 (no pretext where equal number of employees also laid off were older and younger than plaintiff); *Gray v. Motorola, Inc.*, No. CV 07—1466—PHX—MHM, 2009 WL 3173987, at *16 (D. Az. Sept. 30, 2009) (no pretext where employee allegedly treated more favorably than plaintiff was over 40 years old); *Adame v. Bank of Am., N.A.*, No. C 09—00129 SI, 2010 WL 3080766, at *8 (N.D. Cal. Aug. 5, 2010) (no pretext where there was no evidence of favorable treatment for similarly situated individuals and older employees were not terminated).

Finally, it bears repeating Plaintiff's replacement was substantially older than Plaintiff. As explained above, Plaintiff was replaced by Susan Farmer, who was nearly nine years older than Plaintiff. (SOF ¶¶41-42). It would be illogical for the Bank to terminate Plaintiff because of her age, then hire an even older replacement, and retain three older CMEs. *Sanchez v. Paramount Farming Co.*, Civ. No. 1:04CV6148DLB, 2005 WL 2739171, at *6 (E.D. Cal. Oct. 21, 2005) (no pretext where Plaintiff's eventual

replacement was older than 40); *Pottenger*, 329 F.3d at 748 (replacement by a *younger* employee, standing alone is inSOFficient to establish pretext).[4]

Plaintiff is therefore left with only the allegedly ageist comment that she was "overqualified" for a teller position to attempt to establish pretext. (SOF ¶¶39-40). To be probative of discrimination, comments must be made by or to the decisionmaker, or someone involved in the decision for an adverse action, *and* made in connection with the adverse action. *Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005); *Merrick v. Farmers Ins., Group*, 892 F.2d 1434, 1438 (9th Cir. 1990) (remarks that are unrelated to the adverse action are not evidence of pretext even if made by the decisionmaker). Otherwise, the comments are merely stray remarks in the work place, inSOFficient to establish a discrimination claim. *Id.*

As explained, the comment makes no mention of age, it was not made by the decisionmaker, and it was unrelated to Plaintiff's termination. (SOF ¶¶32, 39-40); *Pottenger*, 329 F.3d at 748 (comments about "old business model," "old management team" and "deadwood" were colloquialisms inSOFficient to establish pretext); *Ferlise*, 2013 WL 5291143, at *5 (innocuous comments not indicative of age discrimination).

[4] To the extent that Plaintiff attempts to establish pretext by arguing that her performance review had some positive feedback, this too must fail. The Bank has not claimed that Plaintiff was failing to meet every expectation, just that her performance overall was below expectations. The fact that she may have been meeting expectations in a few areas does not change that she was failing to meet expectations in the majority of areas, nor does it negate the fact that she failed to improve after submitting her personal improvement plan. *Pottenger*, 329 F.3d at 746 (holding that plaintiff's performance review having some positive comments did not establish pretext because there were also negative comments reinforcing the employer's reason for termination).

Moreover, Plaintiff admitted that the decisionmaker, Mr. Moss, did not make any inappropriate age-related comment in connection with her termination. (SOF ¶¶31-33). Plaintiff has not alleged any other discriminatory statements or actions.

In sum, there is simply no evidence to demonstrate pretext. As a result, Plaintiff cannot establish a genuine issue for trial and her claims must be dismissed.

**CONCLUSION**

For the reasons stated above, the Court should grant Defendant Bank of America, N.A.'s motion for summary judgment and dismiss all of Plaintiff's claims with prejudice.

Dated: December 1, 2015

Respectfully submitted,

MCGUIREWOODS LLP

By: */s/ Teri L. Danish*
Teri L. Danish

ATTORNEY FOR DEFENDANT BANK OF AMERICA, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same to any non-registrants this 1st day of December 2015:

Jerry S. Smith
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, AZ 85701-2007

*/s/ Teri L. Danish*
Teri L. Danish