TERI L. DANISH (SBA #031452)
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
Phone: 832.214.9911
Email: tdanish@mcguirewoods.com
*Attorney for Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAMELA C. SULLIVAN, | C.A. NO. 4:13-cv-01166-BGM |
| Plaintiff, | |
| v. | **DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | |
| Defendant. | |

COMES NOW Defendant Bank of America, N.A. ("BANA" or Defendant) by and through its attorneys, and pursuant to Local Rule 56.1, respectfully submits this Statement of Facts in Support of its Motion for Summary Judgment.

**STATEMENT OF FACTS**

**A. Plaintiff's Employment at Bank of America, N.A.**

1. Plaintiff Pamela C. Sullivan ("Sullivan" or "Plaintiff") began employment with BANA in October of 1992 as a teller in Tucson, Arizona. *See* **Exhibit 1**, Plaintiff Pamela C. Sullivan's Deposition ("Pl. Dep.") at 15:10-12, 16:13-14; 21-22.

2. Sullivan worked in the following positions during her tenure with BANA: senior teller (Pl. Dep. 17:12-16), personal banker (Pl. Dep. 19:6-14), Business Control Manager (BCM) at various branches (Pl. Dep. 20:9-11, 21:15-19), consumer market manager (Pl. Dep. 23:11-15), and then finally a consumer marketing executive ("CME") for the Southern Arizona Region (Pl. Dep. 25:25-26:1; 26:14-17).

72789229_3

3. In late 2008, Dwain Moss ("Moss") became Sullivan's supervisor. (Pl. Dep. 27:7-11; 30:9-13).

4. Plaintiff reported to Moss in 2010. (Pl. Dep. 75:17-20; 76:9-13).

5. Moss was born in 1946, making him sixty four (64) years old in 2010. (Affidavit of Cheryl May ("May Affidavit") attached hereto as **Exhibit 2**, ¶7).

6. Moss's supervisor was Walter Elcock ("Elcock"). (Pl. Dep. 49:4-5). Elcock was born in 1947 and twenty-three (23) years older than Plaintiff. (Pl. Dep. 50:8-11; May Affidavit, ¶7).

7. Plaintiff admitted that Moss and Elcock were at least twenty (20) years older than her. (Pl. Dep. 50:12-15).

8. Besides Plaintiff, Moss supervised five (5) other CMEs, three of whom were older than Plaintiff. Priscilla Gutierrez was born in 1957, making her thirteen years older than Plaintiff (Pl. Dep. 45:24-25; 46:6-10); Denise Farmer was born in 1958, making her twelve years older than Plaintiff (Pl. Dep. 46:11-19); and John Calo was born in 1968, making him two years older than Plaintiff (Pl. Dep. 46:20-47:1). *See also*, May Affidavit, ¶7.

**B. Plaintiff Was Not 40 Years Old When BANA Implemented Her Termination.**

9. Plaintiff was born on November 22, 1970. (Pl. Dep. 7:7-8)

10. At the time Plaintiff was relieved of her CME duties on October 1, 2010, she was thirty-nine (39) years old. (Pl. Dep. 161:7-8).

11. Plaintiff turned 40 years old on November 22, 2010. (Pl. Dep. 161:9-10).

**C. Plaintiff Was Not Performing Her Job Satisfactorily**

  **a. Plaintiff had documented performance issues in 2008-2009.**

12. BANA assessed Sullivan's performance, in part, via quarterly performance assessments. A score in the range of 0-3.99 indicated the employee was not meeting performance expectations, a score of 4-6.99 was meeting expectations, and 7-10 resulted in an exceeding expectations rating. (Pl. Dep. 53:16-54:5).

13. In the two years prior to her termination, Plaintiff never received a composite score indicating that she was exceeding performance expectations. (Pl. Dep. 58: 18-24).

14. In 2008, Plaintiff failed to meet Bank expectations, according to two of her quarterly assessments.  (Pl. Dep. 64:11-14).

15. On June 1, 2008, Plaintiff's composite score was 3.35 which meant she was failing to meet performance expectations. (Pl. Dep. 56:12-20).

16. On September 1, 2008, her composite score was 3.7, which meant Plaintiff was again not meeting performance expectations. (Pl. Dep. 57:10-18).

17. Plaintiff admits that her performance assessment for the January 1, 2009 through March 31, 2009 revealed she was not meeting expectations in the "Consumer and Small Business Core Sales Units to Goal" category.  (Pl. Dep. 59:9-60:22).

18. Plaintiff further admits that the quantification of her performance in the "Consumer and Small Business Core Sales Units to Goal" category was an objective performance measure.  (Pl. Dep. 60:17-19).

19. Plaintiff admits that she failed to meet expectations on the "Credit Booked" goal during the first quarter of 2009.  (Pl. Dep. 60: 23-61:6).

20. Plaintiff also admits that she failed to meet expectations on the "Relationship Deepening Variability" goal during the first quarter of 2009, which she concedes was an objective measure of performance.  (Pl. Dep. 61:7-23)

**b. Plaintiff had documented performance issues in 2010, the year of her termination.**

21. When asked about her 2010 leadership abilities, Plaintiff testified: "…I knew I needed to perform better in certain areas…" (Pl. Dep. 156:2-16).

22. On or about June 14, 2010, Plaintiff met in person with Dwain Moss (DOB: 1946). (Pl. Dep. 113:6-11). *See also*, May Affidavit, ¶7.

23. During this meeting, Mr. Moss talked to Plaintiff about his concerns with her performance. (Pl. Dep. 113: 21-25).

-3-

72789229_3

24. Plaintiff testified that Mr. Moss told her "he wanted more visibility of me [in the Green Valley market]", and wanted her "to turn around" her performance numbers related to consumer small business checking since she had "dropped a little bit." (Pl. Dep. 115: 6-20).

25. Plaintiff further testified that Mr. Moss said "[her] market wasn't doing as well as he wanted it to in consumer and small business." (Pl. Dep. 115:21-25).

26. As a result of Mr. Moss's concerns with Plaintiff's performance, during the June 14, 2010 meeting, Mr. Moss asked her to develop a personal action plan to improve her performance. (Pl. Dep. 113: 21-25; 115:12-14; 117:4-9; 151:12-15; Pl. Dep. Exhibit 7, attached hereto as **Exhibit 3**).

27. Plaintiff summarized Mr. Moss's performance plan request to her as follows: "you're not doing well in this area, I need you to improve it and come up with a plan on how you're going to do it." (Pl. Dep. 123:14-18).

28. Plaintiff emailed her personal performance plan to Mr. Moss on June 29, 2010. (Pl. Dep. 117:4-9).

29. In July of 2010, Mr. Moss again met with Ms. Sullivan to discuss her continuing performance issues. Mike Rogers, Mr. Moss's Business Support Executive (DOB: 1963), also attended the meeting. (Pl. Dep. 113:6-20; Affidavit of Michael R. Rogers ("Rogers Affidavit"), attached hereto as **Exhibit 4**, at ¶¶4-5).

30. As of August 23, 2010, Plaintiff was not meeting Bank performance expectations in several areas. (Pl. Dep. 142:19-143:1; 157:4-12; Pl. Dep. Exhibit 9, attached hereto as **Exhibit 5**).

### D. BANA Relieved Plaintiff Of Her CME Job Duties On October 1, 2010

31. On October 1, 2010, Mr. Moss and Mr. Rogers again met with Plaintiff. (Pl. Dep. 157:13-158:14); (Rogers Affidavit, ¶6).

32. Mr. Moss took the lead during this meeting (Pl. Dep. 159:6-8; Rogers Affidavit, ¶6). Moss told Plaintiff she was being relieved of her CME duties and placed on a 60-day transition period to find another job within or outside of BANA. (Pl. Dep. 159:1-5).

-4-

72789229_3

33. Neither Mr. Moss nor Mr. Rogers made any comments to Plaintiff that she found to be inappropriate or offensive. (Pl. Dep. 160:5-7).

34. Sullivan entered into a Transitional Assignment Agreement on October 1, 2010. (Pl. Dep. 161:19-25; Pl. Dep. Exhibit 11, attached hereto as **Exhibit 6**).

35. Plaintiff's Transitional Assignment Agreement stated that "effective October 1, 2010, you will be relieved of the regular, day-to-day responsibilities and duties of your position as Consumer Market Executive." (Pl. Dep. 161:19-25; Exhibit 11, attached hereto as **Exhibit 6**).

36. By Plaintiff's own admission, the transitional agreement was "an action to terminate employment." (Pl. Dep. 185:5-9).

37. Plaintiff applied for other jobs at the Bank, but was unable to find another job internally because of her prior poor performance ratings. (Pl. Dep. 166:2-7; 176:6-10).

38. Accordingly, Plaintiff's Transitional Assignment Agreement expired when she failed to find another job by November 30, 2013. (Pl. Dep. 176:18-177:2; 185:5-14).

39. Plaintiff considered applying for a teller position. (Pl. Dep. 171:10-172:2)

40. Plaintiff claims that Mr. Rogers and Brad Kimball, Human Resources Executive, (DOB: 1958) told her she was over-qualified for the teller position. Plaintiff believes that this statement was an ageist remark. (171:10-172:22; 186:11-17; 186:23-187:1).

E. **Plaintiff Was Not Replaced By A Substantially Younger Employee,**

41. Plaintiff was replaced by Susan Farmer in March 2011. (Rogers Affidavit, ¶7).

42. Susan Farmer's birthdate is December 19, 1961, making her nine years older than Plaintiff. (May Affidavit, ¶7).

Dated: December 1, 2015          Respectfully submitted,

MCGUIREWOODS LLP

By: */s/ Teri L. Danish*
    Teri L. Danish

ATTORNEY FOR DEFENDANT BANK OF AMERICA, N.A.

-5-

72789229_3

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2015 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jerry S. Smith
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, AZ 85701-2007

*/s/ Teri L. Danish*
Teri L. Danish

72789229_3