WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela C. Sullivan,<br><br>              Plaintiff,<br><br>v.<br><br>Bank of America NA,<br><br>              Defendant. | No. CV-13-01166-TUC-JGZ (BGM)<br><br>ORDER |

Currently pending before the Court is Plaintiff's Motion to Compel Discovery (Doc. 72). Defendant Bank of America ("BOA") has responded (Doc. 73) and Plaintiff filed her Reply (Doc. 74). Plaintiff seeks documents responsive to several interrogatory requests, as well as requests for production. *See* Pl.'s Mot. to Compel (Doc. 72). The Court will address each of these in turn.

### *A.     Discovery—Generally*

Rule 26, Federal Rules of Civil Procedure, governs discovery in a civil matter. Fed. R. Civ. P. 26. Rule 26 provides in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

> amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).[1] It is well-established law "that the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 529 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). The United States Supreme Court has long recognized that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Id.* "Furthermore, relevant means germane and should not be read as meaning 'competent' or admissible.'" *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) (citing 8 Wright, Miller & Marcus, *Federal Practice and Procedure* Civil 2d § 2008); *see also* Fed. R. Evid. 401 (Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). A litigant's right to discovery is not unlimited, however. "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v.*

---

[1] Rule 26(b), Federal Rules of Civil Procedure changed as of December 1, 2015. The rule prior to that date provided as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

*Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).  Toward this end, the Court has the inherent power to control discovery as it deems necessary.  *See Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975).

### B. Requests

#### 1. Interrogatory No. 16

Plaintiff's Interrogatory No. 16 provides as follows:

> List the following information for each and every charge or complaint alleging age discrimination or retaliation in connection with age discrimination filed against the BOA with either the United States Equal Employment Opportunity Commission or the Arizona Civil Rights Division or the New Mexico state agency which receives and investigates charges of unlawful employment discrimination which were filed or received during the years of 2008 through 2013.  With respect to each charge or complaint provide (a) the name and last known address and contact information of the complaining party, (b) the agency with which the charge was filed and its case number, (c) the date of the charge filing, (d) the final disposition of such charge, and (e) whether or not such person is presently employed by BOA.

Pl.'s Mot. to Compel (Doc. 72) at 8.  Defendant BOA objects arguing that (1) the information is not relevant; (2) it lacks authority to provide the information; and (3) the information requested is overbroad.  Def.'s Response (Doc. 73) at 3–4.

#### a. Authority to disclose.

In support of its contention that it lacks authority to disclose the information sought, Defendant relies 42 U.S.C. §§ 2000e-5(b) and 2000e-8(e).  *Id.* at 3.  Section 2000e-5(b), 42 U.S.C., relates to Enforcement Provisions of Title VII and provides in relevant part:

> Charges shall not be made public by the Commission.  If the Commission determines after such investigation that there is not reasonable cause to

- 3 -

> believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.

42 U.S.C. § 2000e-5(b). Regarding charges filed with the Equal Employment Opportunity Commission ("EEOC"), Section 2000e-8(e), 42 U.S.C., provides:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $ 1,000, or imprisoned not more than one year.

42 U.S.C. § 2000e-8(e). Contrary to Defendant's contention, the prohibition against the Commission from disclosing information related to filed charges does not direct Defendant from disclosing the same information. Reasonably construed, these sections protect the identities of parties who have filed charges with the EEOC, or who have had charges filed against them, from exposure by the EEOC during the pendency of its investigation. This is very different from disclosing the existence of such charges in the context of ongoing civil litigation. *See, e.g., Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 691–92 (allowing discovery "regarding the identity of persons who have filed lawsuits, complaints, administrative charges or claims of violation of the FMLA since January 1, 1996"). As such, the Court finds that Defendant BOA is not precluded by law from disclosing the information sought in Plaintiff's Interrogatory No. 16.

### b. Relevance

Defendant asserts that to the extent that Plaintiff is "asking for '*every* charge or

complaint alleging age discrimination'" without limitation, such information is irrelevant. Def.'s Response (Doc. 73) at 3 (emphasis in original). "[D]iscovery of prior complaints of discrimination is permitted in order to prove that the reasons articulated for an adverse employment action are a pretext for discrimination." *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 527 (D. Nev. 1997) (and citing references therein). Moreover, "[u]nder the Federal Rules the scope of discovery is broad and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Id.* at 528 (citations omitted). Additionally, courts have also recognized that such "comparative information concerning an employer's treatment of individuals is relevant evidence in an individual discrimination claim . . . [and] may be used to construct a *prima facie* case of discrimination." *Nuskey v. Lambright*, 251 F.R.D. 3, 10 (D. D.C. 2008). In the broad sense, the information Plaintiff seeks is relevant; however, the Court will address Defendant's concerns regarding overbreadth in the following section.

### c. Overbreadth

As mentioned in the previous section, Defendant asserts that seeking "*every* charge or complaint alleging age discrimination" without limitation will result in the production of irrelevant documents. Def.'s Response (Doc. 73) at 3. As an initial matter, Plaintiff seeks "information for each and every charge or complaint alleging age discrimination or retaliation in connection with age discrimination filed against the BOA[.]" Pl.'s Mot. to Compel (Doc. 72) at 8. Plaintiff's Complaint (Doc. 1) alleges a claim of age discrimination; however, there is no claim for retaliation. "[A]s a general rule, '[o]ther claims of discrimination against a defendant are discoverable only if limited

- 5 -

to the same *form* of discrimination[.]" *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692 (D. Kan. 2007) (and citing references therein) (2d alteration in original).  Accordingly, the Court finds it appropriate to limit this request to claims of "age discrimination" only.  *See id.*; *see also Gheesling v. Chater*, 162 F.R.D. 649, 651 (D. Kan. 1995) ("[t]he only possible relevant inquiry in this case would be an inquiry into complaints of age discrimination").

Defendant further asserts that Plaintiff's request requires limitation to "age discrimination charges filed by others in Plaintiff's same position, same line of business with Defendant, same supervisor, or same location."  Def.'s Response (Doc. 73) at 3–4.  Plaintiff asserts that "[i]t is undisputed that PCS was a middle management executive who reported to a regional manager whose region included all of Arizona and New Mexico, and PCS'[s] interrogatory is limited to those two states since they had common regional supervision."  Pl.'s Mot. to Compel (Doc. 74).  Defendant does not object to the time frame of Plaintiff's request, 2008 through 2013.  The Court finds it appropriate to restrict discovery to age discrimination charges filed by management employees who reported to Plaintiff's direct supervisor, Dwain Moss – the BOA Regional Executive for the BOA Southwest Region or to Walter Elcock – the BOA Executive Vice President of the West Division.[2]  *See, e.g., Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455 (D. D.C. 2002) (permitting discovery of complaints of discrimination to the Human Resources Department alleging discrimination on the same basis as the plaintiff); *Hill v.*

---

[2] This includes management employees who report directly or indirectly to Mr. Elcock.

*Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001) (permitting discovery of plaintiff's supervisor's personnel file). It is unclear to the Court whether Mr. Moss and Mr. Elcock held their positions during the pendency of the relevant period. As such, the Court will also direct disclosure of charges of age discrimination during the relevant time period of any management employees who reported to the BOA Regional Executive for the BOA Southwest Region and/or the BOA Executive Vice President of the West Division, regardless of who held the position during that time. Additionally, Defendant need not disclose unlisted addresses or telephone numbers. *See Hill v. Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001). Accordingly, Defendant is directed to respond to Plaintiff's Interrogatory No. 16 as limited by this Order.

## 2. Interrogatory No. 17

Plaintiff's Interrogatory No. 17 provides as follows:

> In response to PCS' Interrogatory # 3, BOA listed six CMEs who were employed by the BOA as a CME under Dwain Moss on September 30, 2010: Priscilla Gutierrez, Eric Gonzales, John Calo, Denise Farmer, Pamela Sullivan, and Dean Bird. With respect to each of these six, excluding PCS: (a) Are they currently employed by BOA? If yes, what is their current position and at what location? If not currently employed by BOA, when did their employment by the BOA end, did the employee resign or retire voluntarily or was the employee terminated by the BOA, and when did such employment by the BOA end? (b) What is their current address or last known address and contact information?

Pl.'s Mot. to Compel (Doc. 72) at 9. Defendant asserts that it has previously identified these individuals as well as their dates of birth; however, "[t]he privacy interest that these non-party former employees have in their contact information prevents Defendant from providing such information." Def.'s Response (Doc. 73) at 4. Plaintiff does not

- 7 -

acknowledge that Defendant produced the individual's dates of birth.

"While the Federal Rules of Civil Procedure do permit parties to be excused from certain discovery on the basis of 'annoyance, embarrassment, oppression, or undue burden or expense,' there is no generic 'privacy' privilege." *Ivy v. Outback Steakhouse, Inc.*, 2006 WL 381355, *2 (W.D. Wash. 2006) (quoting Fed. R. Civ. P. 26(c)). To the extent that the individuals' contact information is not otherwise unlisted, Defendant shall disclose the same. *See Hill v. Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001). If the contact information is unlisted, the parties shall stipulate to a confidentiality agreement or protective order prior to disclosure.[3]

### 3. Interrogatory No. 20

Plaintiff's Interrogatory No. 20 provides:

> Please answer PCS' Interrogatory # 9 with respect to all BOA CMEs ("CME" was PCS' job title when she was fired) in the area, division, or region overseen by Walter Elcock (who was PCS' regional supervisor) as of the date of the end of his employment by BOA, stating the month and year of birth of each CME, whether they are still employed by BOA, and if not, the date their employment terminated and whether or not they voluntarily resigned or retired.

Pl.'s Mot. to Compel (Doc. 72) at 9–10. Defendant indicated that it had supplemented its response to this interrogatory; however, Plaintiff does not acknowledge that such disclosure took place. *See* Def.'s Response (Doc. 73) at 5; Pl.'s Reply (Doc. 74) at 6. To the extent that Defendant has not done so already, it shall provide Plaintiff with the information regarding other CMEs "who did not directly report to Mr. Elcock, but may

---

[3] Any such disclosure excludes Mr. Bird as he is a current employee of Defendant. *See* Def.'s Response (Doc. 73) at 5.

- 8 -

have been under his supervision." Def.'s Response (Doc. 73) at 5.  Defendant need not provide any individual's birth month, but shall provide a birth year.

### 4. Interrogatory No. 23

Plaintiff's Interrogatory No. 23 provides:

> With respect to BOA employees or former employees Michelle Lulloff (employee #10486643) and Kristen De La Riviere (employee #27974291): (a) What is the month and year of birth of such employee? and (b) Is such person still employed by the BOA?  If not still employed by the BOA, when did their employment cease and why? (c) Please provide their current or last known addresses and contact information.

Pl.'s Mot. to Compel (Doc. 72) at 10.  Defendant asserts that because neither of these two individuals were employed in the same position as Plaintiff, the information is not relevant.  Def.'s Response (Doc. 73) at 6.  Defendant further asserts that it had previously provided the women's ages showing that the women are over forty and that Ms. Lulloff is a current employee who should be contacted through defense counsel, if necessary.  *Id.* at 7.  Regarding Ms. De La Riviere, Defendant urges that her contact information is private and therefore not discoverable.  *Id.*

Unlike the information sought in Interrogatory No. 16, *supra*, there is no evidence before this Court to suggest that either Ms. Lulloff or Ms. De La Riviere witnessed the discrimination of Plaintiff in this case or otherwise.  *See Baptiste v. Lids*, 2013 WL 5708848, *5 (N.D. Cal. 2013).  Nor is there any evidence that either of these individuals made accusations of age discrimination or would have knowledge regarding age discrimination at BOA.  *Cf. Ivy v. Outback Steakhouse, Inc.*, 2006 WL 3813555, *3 (N.D. Wash. 2006) (discovery of personnel files appropriate for discovery regarding

accusations of harassment and management's response). As such, the Court finds that the information sought is not relevant. *See Baptiste*, 2013 WL 5708848 at *5.

### 5. Renewed of Request for Production No. 1

Plaintiff's Renewed Request No. 1 seeks discovery of:

> Copies of all charges of age discrimination in employment or retaliation for having complained of or opposed age discrimination in employment or retaliation in connection with age discrimination filed by any person employed or formerly employed or who sought employment against BOA by persons with the BOA Southwest Region, including but not limited to Arizona, New Mexico, and Texas, filed or presented to either the U.S. Equal Employment Opportunity Commission or the Arizona Attorney General Civil Rights Division or the comparable employment discrimination enforcement agencies for the states of New Mexico or Texas or other states within the BOA Southwest Region since January 1, 2008, and any and all responses to such charges made or given by or on behalf of BOA.

Pl.'s Mot. to Compel (Doc. 72) at 11. Defendant asserts the same relevance, lack of authority to produce, and limitation issues that it relied on regarding Interrogatory No. 16. *See* Section B.1., *supra*.

As with Interrogatory No. 16, the Court finds that the information Plaintiff seeks is broadly relevant and Defendant is not precluded from disclosing the same. *See* Sections B.1.a & b, *supra*. The Court will, in its discretion, limit the scope of Plaintiff's request.

Plaintiff seeks "[c]opies of all charges of age discrimination in employment or retaliation in connection with age discrimination filed by any person employed or formerly employed or who sought employment against BOA[.]" Pl.'s Mot. to Compel (Doc. 72) at 11. As noted previously, Plaintiff's Complaint (Doc. 1) alleges a claim of age discrimination, but there is no claim for retaliation. The Court finds it appropriate to

- 10 -

limit this request to claims of "age discrimination" only. *See Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692 (D. Kan. 2007) (and citing references therein) ("[A]s a general rule, '[o]ther claims of discrimination against a defendant are discoverable only if limited to the same *form* of discrimination[.]"); *see also Gheesling v. Chater*, 162 F.R.D. 649, 651 (D. Kan. 1995) ("[t]he only possible relevant inquiry in this case would be an inquiry into complaints of age discrimination").

Defendant again asserts that Plaintiff's request requires limitation to "age discrimination charges filed by others in Plaintiff's same position, same line of business with Defendant, same supervisor, or same location." Def.'s Response (Doc. 73) at 8. Defendant does not object to the time frame of Plaintiff's request, from January 1, 2008 forward. The Court finds it appropriate to restrict discovery to age discrimination charges filed by management employees who reported to Plaintiff's direct supervisor, Dwain Moss – the BOA Regional Executive for the BOA Southwest Region or to Walter Elcock – the BOA Executive Vice President of the West Division.[4] *See, e.g., Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455 (D. D.C. 2002) (permitting discovery of complaints of discrimination to the Human Resources Department alleging discrimination on the same basis as the plaintiff); *Hill v. Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001) (permitting discovery of plaintiff's supervisor's personnel file). The Court will also direct disclosure of charges of age discrimination during the relevant time period of any management employees who reported to the BOA Regional Executive for

---

[4] This includes management employees who report directly or indirectly to Mr. Elcock.

- 11 -

the BOA Southwest Region and/or the BOA Executive Vice President of the West Division, regardless of who held the position during that time. Additionally, Defendant need not disclose unlisted addresses or telephone numbers. *See Hill v. Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001). Accordingly, Defendant is directed to respond to Plaintiff's Renewed Request for Production No. 1 as limited by this Order.

### 6. Renewed Request for Production No. 5

Plaintiff's Renewed Request No. 5 seeks discovery of:

> Any job description or statement of job duties for BOA consumer marketing executives (CMEs) (the last job held by PCS for BOA) during the years of 2008, 2009, 2010, or 2011, with a notation as to when such job description was written and implemented.

Pl.'s Mot. to Compel (Doc. 72) at 12. Defendant has previously disclosed documents Bates stamped BOA 00651–00986 responsive to this request. Def.'s Response (Doc. 73) at 8–9. Moreover, Defendant's Supplemental Response stated:

> Defendant maintains its objections set forth in its initial response to Plaintiff's RFP No. 5. Subject to and without waiving these objections, Defendant directs Plaintiff to previously produced documents, BOA00651–986, which contain job descriptions for the CME position that were posted between 2008 and 2011. Answering further, Defendant specifically directs Plaintiff to BOA00717–19, which contains the CME job description from 2008 for the Phoenix location where Mr. Elcock was the hiring manager.

Def.'s Response to Pl.'s Pre-Conference Memo. (Doc. 67), Def.'s First Suppl. Response to Pl.'s Second Requests for Production (Exh. "C") at 1–2. The Court finds that Defendant has properly responded to Plaintiff's Request for Production No. 5 and no further action by it is required.

. . .

- 12 -

**7. Renewed Request for Production No. 8**

Plaintiff's Renewed Request for Production No. 8 seeks:

> All correspondence, either written or electronic, by Dwain Moss, Walter Elcock, Mary Kanaga, Michael Rogers and/or Brad Kimball (all current or former employees of the BOA who knew PCS mentioning or concerning PCS) during the years of 2009 and 2010.

Pl.'s Mot. to Compel (Doc. 72) at 13. Defendant states that it "was not required to journal the emails for any of the individuals identified in this request . . . [and] [a]s a result, all information responsive to this request has been produced." Def.'s Response (Doc. 73) at 9. It appears that Defendant has produced the relevant documents responsive to this request, although Plaintiff's Reply (Doc. 74) suggests that it has not produced any such documents. To the extent that Defendant has complied, no further action will be required. Moreover, the Court finds that this request is overbroad as it is not limited to issues regarding Plaintiff's age or performance, and as such will not compel further disclosure by Defendant. *See Moss v. Blue Cross and Blue Shield of Kansas*, 241 F.R.D. 683, 692–93 (D. Kan. 2007) (request for production of any and all correspondence and/or documents bearing Plaintiff's name overbroad).

**8. Request for Production No. 13**

Plaintiff's Request for Production No. 13 seeks:

> Copies of all EEO-1 Reports filed or created by the BOA which pertained in whole or in part to its operations and/or branches in the States of Arizona and/or New Mexico during or for the years of 2008 through and including 2012. EEO-1 reports are defined as those required to be made, created, or produced by employers pursuant to 29 C.F.R. 1602.7.

Pl.'s Mot. to Compel (Doc. 72) at 13. Defendant asserts that EEO-1 reports provide

statistical information on several other demographic factors which are irrelevant to a claim of age discrimination. Def.'s Response (Doc. 73) at 10. A review of the Standard Form 100, required by section 709(c) of Title VII, shows that it does not contain any information relating to age, only race and gender. *See* Standard Form 100 Instruction Booklet, *available at* https://www.eeoc.gov/employers/eeo1survey/upload/instructions_ form.pdf (last visited May 19, 2016). As such, the information contained in the EEO-1 is not relevant to Plaintiff's claim of age discrimination, and Defendant shall not be compelled to produce such documents.

### C. Conclusion

Accordingly, IT IS HEREYB ORDERED that Plaintiff's Motion to Compel Discovery (Doc. 72) is GRANTED IN PART and DENIED IN PART. Defendant shall supplement its disclosures consistent with this Order. IT IS FURTHER ORDERED pursuant to stipulation by the Parties, that Plaintiff shall file her response to Defendant's Motion for Summary Judgment (Doc. 75) within thirty (30) days of this Order.

Dated this 19th day of May, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge