# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela C Sullivan,<br><br>        Plaintiff,<br><br>v.<br><br>Bank of America NA,<br><br>        Defendant. | No. CV-13-01166-TUC-JGZ (BGM)<br><br>**ORDER** |

      Pending before the Court is Magistrate Judge Bruce G. Macdonald's Report and Recommendation (R&R) recommending that Defendant's Motion for Summary Judgment be granted. (Doc. 94.) Plaintiff has filed an objection to the Report and Recommendation to which Defendant has replied. (Docs. 97, 99.) After considering the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court will overrule the objection and adopt Judge Macdonald's Report and Recommendation.

## STANDARD OF REVIEW

      When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(c); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the

Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).  By failing to object to a Report and Recommendation, a party waives its right to challenge the Magistrate Judge's factual findings, but not necessarily the Magistrate Judge's legal conclusions. *Baxter*, 923 F.2d at 1394; *see also Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (failing to object to a Magistrate Judge's legal conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal"); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (*citing McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980)).

## DISCUSSION[1]

The ADEA makes it unlawful "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). ADEA claims that are based on circumstantial evidence of discrimination are evaluated under the three-stage burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (*citing Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004)). Under this framework, the employee must first establish a prima facie case of age discrimination. *Id*. (*citing Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).  In order to establish a prima facie case, the employee must demonstrate that she was (1) at least forty years old, (2) performing her job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Id*. If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. *Id.* If the employer satisfies its burden, the employee must then prove that the reason

---

[1] The factual and procedural history of this case are set forth in the Magistrate Judge's Report and Recommendation. (Doc. 60.)

advanced by the employer constitutes mere pretext for unlawful discrimination. *Id.*

Here, the Magistrate concluded as a matter of law that Plaintiff cannot establish her prima facie case because she was not replaced by a substantially younger employee or discharged under circumstances otherwise giving rise to an inference of age discrimination. The Magistrate further concluded that Plaintiff cannot demonstrate that the Defendant's stated reasons for her termination were pretextual. Plaintiff objects to the Magistrate Judge's conclusion that Defendant Bank of America (BOA) is entitled to summary judgment. Plaintiff claims that the R&R incorrectly concluded that there was no material issue of fact as to whether: (1) Plaintiff was discharged under circumstances giving rise to an inference of age discrimination; and (2) BOA's stated reason for termination was pretextual.[2]

**1.    No reasonable jury could conclude that Plaintiff was discharged under circumstances giving rise to an inference of age discrimination**

It is undisputed that Plaintiff was replaced by an individual nine years her senior, and therefore Plaintiff cannot prove the fourth element of her prima facie case by showing that she was replaced by a substantially younger employee. Plaintiff contends, however, that she was nonetheless discharged under circumstances otherwise giving rise to an inference of age discrimination.[3] In support of this contention, Plaintiff first claims

---

[2] Plaintiff also claims that the R&R incorrectly concluded that there was no material issue of fact as to whether Plaintiff was performing her job satisfactorily. (Doc. 97, pgs. 4-9.) However, the R&R did not reach that conclusion. The R&R states: "For purposes of establishing her prima facie case, the Court will again accept that Ms. Sullivan was performing adequately." (Doc. 94, pg. 10.) Accordingly, the Court declines to consider this portion of Plaintiff's Objection to the R&R.

[3] Plaintiff incorrectly frames her argument with respect to the fourth element of her prima facie case as "there was evidence showing that the employer had a continuing need for [the employee's] skills and services in that their various duties were still being performed." (Doc. 97, pg. 9.) In some cases, an inference of discrimination can be established by showing the employer had a continuing need for the employee's skills and services in that the employee's various duties were still being performed. *Diaz*, 521 F.3d at 1207-08. That test is only appropriate, however, in reduction-in-force cases, where a replacement has not been hired. *Id.* at 1208, n.2. Plaintiff was not terminated from BOA during a reduction in workforce. In addition, the arguments presented in Plaintiff's Objection with respect to this element of the prima facie case are unrelated to demonstrating a continuing need for Plaintiff's services.

- 3 -

1 that it was "common knowledge" among BOA employess that BOA had a custom and
2 practice of setting unreachable goals and performance standards so that it could later
3 justify adverse employment actions.  The only proof submitted in support of this claim,
4 however, is a statement by Plaintiff in a declaration and an undecipherable document
5 titled "Southwest Region Review" which Plaintiff characterizes as "BOA performance
6 statistics." (Doc. 88, pg. 8; Doc. 88-1, pgs. 7-12.)  Plaintiff has not established that she is
7 qualified to opine as to the reasonableness of BOA's performance standards, nor does she
8 explain how the "Southwest Region Review" sets performance standards.  Plaintiff's
9 proffered evidence does not give rise to an inference of discrimination.  Furthermore,
10 even if BOA did set unreachable goals and performance standards for its employees, such
11 a policy would not automatically give rise to an inference of age discrimination absent
12 evidence that the goals were specifically challenging for older employees.

13 Second, Plaintiff claims that the R&R improperly gave weight to the fact that
14 Plaintiff's immediate supervisor and his supervisor were both older than Plaintiff.
15 Although the R&R mentioned the ages of Plaintiff's supervisors in its factual
16 background, it did not give weight to their ages in analyzing whether Plaintiff had raised
17 an inference of discrimination in her prima facie case.

18 Third, Plaintiff argues that the short temporal proximity between the protected
19 activity (turning 40) and the adverse action (her termination, eight days later) constitutes
20 a circumstance giving rise to an inference of age discrimination.  Plaintiff's argument is
21 based on citation to *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir.
22 2002), which holds that in a retaliation claim, a plaintiff may demonstrate a causal link
23 between the protected activity and the adverse employment decision where an adverse
24 employment action follows on the heels of protected activity.  *Villiarimo* has no
25 relevance in this age discrimination disparate treatment case.  Furthermore, it is
26 undisputed that Plaintiff received notice of her termination 60 days earlier, when she was
27 provided with a Transitional Assignment Agreement. (Doc. 76, Ex. 1, pg. 159.)

28 Fourth, Plaintiff asserts that the R&R disregarded evidence of a pattern and

practice of age discrimination by BOA. According to Plaintiff, four of the six other employees who shared Plaintiff's job title and were over 40 have left BOA. The only admissible evidence submitted by Plaintiff on this issue, however, is BOA's response to Plaintiff's Interrogatory #17. (Doc. 88-1, pg. 43.) In the interrogatory and the response, the parties identify five, not six, other BOA employees who shared Plaintiff's job title. (*Id.*) Of those five, only one was terminated: two retired, one resigned, and one is still employed by BOA. (*Id.*) Plaintiff has not produced evidence of a pattern or practice of discrimination.

Finally, Plaintiff argues that age discrimination can be inferred from the fact that, after leaving BOA, Plaintiff was hired for a management position at a smaller bank and has been an outstanding employee. The fact that Plaintiff is doing well at her current job does not tend to prove that BOA discharged Plaintiff under circumstances giving rise to an inference of age discrimination. At best, the evidence supports the Magistrate's assumption that Plaintiff was performing her job satisfactorily.

Accordingly, the Court adopts the Magistrate Judge's conclusion that Plaintiff cannot establish her prima facie case because she was not replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination.

**2.  No reasonable jury could conclude that BOA's stated reasons for terminating Plaintiff were pretextual**

Plaintiff claims that a material issue of fact exists as to whether BOA's stated reasons for terminating Plaintiff were pretextual. In support of this claim, Plaintiff cites to "the five facts/factors listed in Section 1-B of these Objections," ie. the five arguments Plaintiff presents in support of her claim that she was discharged under circumstances giving rise to an inference of age discrimination. (Doc. 97, pg. 14.) For the reasons previously stated, those arguments are without merit. Accordingly, the Court adopts the Magistrate Judge's conclusion that Plaintiff cannot demonstrate that BOA's reasons for Plaintiff's termination were pretextual.

**CONCLUSION**

THEREFORE, IT IS ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Macdonald (Doc. 94) is APPROVED AND ADOPTED;
2. Defendant's Motion for Summary Judgment (Doc. 75) is GRANTED;
3. Plaintiff's Objection to the R&R (Doc. 97) is OVERRULED;
4. This matter is DISMISSED WITH PREJUDICE.  The Clerk of the Court shall enter judgment and close the case.

Dated this 29th day of September, 2016.

Honorable Jennifer G. Zipps
United States District Judge